# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-114-RLW |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Hosea Lee Robinson for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. In addition, for the reasons discussed below, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Liberally construing the instant motion, plaintiff states he has requested a copy of his account statement, but it has not been given to him. The Court will therefore assess a nominal initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff wishes to claim that he is unable to pay $1.00, he must submit a copy of his prison account statement in support of such claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

2

(8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the St. Louis City Justice Center. He states that he brings this action pursuant to the "ADA" (the Americans With Disabilities Act) and the "ADAAA" (the Americans With Disabilities Act Amendments Act). (Docket No. 1 at 1). He also states he is suing for violation of his rights under the Sixth, Eighth and Fourteenth Amendments. He has named the State of Missouri as the sole defendant.

Plaintiff alleges that, on February 7, 2016, the defendant ordered him held on a $100,000 cash-only bond, and that "this order discriminated against plaintiff's Fourteenth Amendment of Due Process based on plaintiff's physical disability of coronary heart disease and congestive heart failure." *Id.* at 1-2. Plaintiff also claims that defendant "discriminated" his right to a fair hearing, and he states he "alleges 8th Amendment violation of excessive bail, and cruel and unusual punishment." *Id.* at 2. Next, plaintiff states that he "alleges violation of (ADA), (ADAAA)." *Id.* He cites his "speedy trial deadline" and states he filed a motion to dismiss the criminal charges pending against him, and he states he was not allowed to submit evidence of physical injuries. *Id.* at 3. Plaintiff also writes "deliberate indifference," and states that evidence he submitted in another lawsuit shows that his disabilities worsened while he was in state

custody. He contends that the defendant "discriminated against [his] access to courts. Based on worsening physical disabilities of physical injuries." (Docket No. 1 at 5). Plaintiff includes numerous case citations, but does not explain how they pertain to his case. As relief, he asks the Court to dismiss the indictment and all criminal charges against him "with prejudice for the state's violation of [his] constitutional rights to fair trial." *Id.*

## Discussion

The Court will first consider plaintiff's ADA and ADAAA claims. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (citing 42 U.S.C. § 12132). In order to state a claim under Title II of the ADA or the ADAAA, plaintiff must allege that (1) he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was otherwise subjected to discrimination by a public entity; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)).

Plaintiff alleges that he is disabled. However, he does not allege that he was excluded from participation in or denied the benefits of the services, programs or activities of a public entity, nor does he allege that he suffered exclusion, denial of benefits, or other discrimination by reason of his disability. Therefore, plaintiff fails to state an ADA or an ADAAA claim.

The remainder of plaintiff's claims purportedly arise under the Constitution of the United States and the provisions of 42 U.S.C. § 1983 for violations of the protections guaranteed by the

4

First, Sixth, Eighth, and Fourteenth amendments. However, plaintiff's allegations are too vague and conclusory to state any claims upon which relief may be granted. While plaintiff states that a bond was imposed and he did not receive a fair hearing, he does not state what procedural safeguards were violated or how any proceedings failed to comport with notions of fundamental fairness. Similarly, plaintiff alleges no facts in support of his statements that his bail was excessive, he was subjected to cruel and unusual punishment, and was denied access to courts. Finally, while plaintiff includes the words "deliberate indifference," he does not allege that a serious medical need was deliberately disregarded. Moreover, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court concludes that plaintiff has failed to state any claim upon which relief may be granted under 42 U.S.C. § 1983.

Plaintiff mentions his "speedy trial deadline." (Docket No. 1 at 3). To the extent plaintiff can be understood to proceed pursuant to 28 U.S.C. § 2241, he fails to demonstrate he is entitled to relief. Plaintiff alleges no facts which, if proved, would demonstrate that he has been deprived of a right to a speedy trial. In addition, it is not apparent what "speedy trial" law plaintiff believes has been violated. "The question of whether the state violated its own speedy trial statute is a matter for the state courts" and is not cognizable on federal habeas review. *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Finally, neither plaintiff's statement regarding speedy trial, nor any other statements in the complaint, amount to allegations of the "special circumstances" required for a finding that plaintiff has exhausted his available state remedies such that he could demonstrate a deprivation of his Constitutional rights. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999) (only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies).

Having carefully reviewed and liberally construed the complaint, the Court concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of January, 2018.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE